IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINGULAR PENNSYLVANIA, LLC, :<br><br>Plaintiff, :<br><br>v. :<br><br>SUSSEX COUNTY :<br><br>and :<br><br>BOARD OF ADJUSTMENT OF :<br>SUSSEX COUNTY :<br><br>Defendants. : | No. 05-383 (GMS) |

## JOINT STATUS REPORT

Plaintiff Cingular Pennsylvania, LLC ("Cingular"), by and through undersigned counsel, and Defendants, Sussex County and Board of Adjustment of Sussex County ("the Board"), by and through their undersigned counsel, hereby submit the within joint status report.

1. <u>Jurisdiction and Service</u>. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1337, with respect to Count I, which is a dispute arising under the Telecommunications Act of 1996, 47 U.S.C. §332 (the "Act"), and with respect to Count II, 28 U.S.C. §§1331 and 1343. There is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

2. <u>Substance of Action</u>. Cingular filed an application for a Special Use Exception (the "Application") for the installation of a telecommuncations monopole (the "Monopole") with the Sussex County Board of Adjustment. The Monopole installation was needed to address significant gaps in cellular service in Sussex County. The Board denied the Application. Cingular claims that the Board's decision is not supported by substantial evidence and violates

Section 704 of the Act, which requires that any decision of a State or local government denying such an application be supported by substantial evidence and provides that no State or local government "[s]hall prohibit or have the effect of prohibiting the provision of personal wireless services."

3. <u>Identification of Issues</u>. Whether the Board's denial of the Application is supported by substantial evidence and whether the Board otherwise wrongfully prohibited the provision of personal wireless services in violation of Section 704 of the Act.

4. <u>Narrowing of Issues</u>. The parties do not believe that the issues can be narrowed by agreement or motion. Certain aspects of the dispute may be subject to dispositive motions.

5. <u>Relief</u>. Cingular seeks an order finding that the Board's decision violated Section 704 of the Act as set forth in item 3 above and allowing installation of the Monopole, and costs.

6. <u>Amendment of Pleadings</u>. The parties do not anticipate the necessity of amending pleadings.

7. <u>Joinder of Parties</u>. The parties do not anticipate the necessity of joining additional parties.

8. <u>Discovery</u>. Defendant takes the position that no discovery should be permitted, as the matter is tantamount to an appeal, and the case should be resolved by dispositive motions. Plaintiff's position is that discovery is permitted but that any discovery can be completed within six months.

9. <u>Estimated Trial Length</u>. As noted above, defendant believes the matter should be disposed by motion practice. Cingular believes that a trial is its right. If a trial is necessary, the parties anticipate a two-day trial.

10. <u>Jury Trial</u>. No.

11.  <u>Settlement</u>.  No settlement discussions have been held at this time.  Briefing has been completed in the companion state court action, pending in Delaware's Superior Court, which is an appeal on the record from the Board's decision.  No argument date has been set, and it is not certain that oral argument will be held but rather the matter be resolved on the papers.

12.  Counsel for the parties have conferred about each of the above matters.

                                        **SAUL EWING LLP**

*[signature]*

Michael F. Bonkowski, Esquire
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE   19899
(302) 421-6863
Attorney for Plaintiff,
Cingular Pennsylvania LLC